UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HELEN T. FERGUSON,**

     **Plaintiff,**

**v.**                           **Case No: 8:24-cv-1500-MSS-UAM**

**CAREERSOURCE SUNCOAST,
SAMANTHA ZAGAME, KARIMA
HABITY, and ALDONA DZIWOSZ,**

     **Defendants.**

_____

## ORDER

    **THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Recusal. (Dkt. 4) Plaintiff petitions the Court for the voluntary recusal of the Undersigned based on Plaintiff's belief that the Undersigned presided over a case Plaintiff filed in this Court previously. (Id.) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiff's Motion for Recusal.

    Two federal statutes, 28 U.S.C. §§ 144 and 455, govern recusal. Hamm v. Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983). Recusal under 28 U.S.C. § 144 is mandated "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Recusal under § 455(b)(1) is mandated whenever a federal judge "has a personal bias or

prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Both §§ 144 and 455 provide that the decision for recusal should "be made on the basis of conduct extra-judicial in nature as distinguished from conduct within a judicial context." Davis v. Bd. of Sch. Comm'rs of Mobile Cty., 517 F.2d 1044, 1052 (5th Cir. 1975).[1] Conduct is considered "extra-judicial" when it occurs outside the judicial proceedings. See Liteky v. United States, 510 U.S. 540, 555 (1994). Further, adverse rulings are grounds for appeal, not recusal. Id.; see also Daker v. Warren, No. 20-12296, 2023 WL 4560224, at *4 (11th Cir. Jul. 17, 2023) (citing In re Evergreen Sec., Ltd., 570 F.3d 1257, 1274 (11th Cir. 2009). Stated plainly, a party may not compel a judge to recuse just because the judge issued an order or ruled against them in the current case or in a prior case.

The Court finds that the Motion is insufficient to show that the Undersigned should recuse herself from presiding over this action. Plaintiff raises no extra-judicial conduct as the basis for the requested recusal. Plaintiff further fails to provide an affidavit in support of his Motion as required by 28 U.S.C. § 144. Nevertheless, the Undersigned examines the record for evidence that may indicate that her "impartiality might be reasonably questioned." 28 U.S.C. § 455(a). Finding none, the Court determines recusal is not warranted.

Accordingly, the Court hereby **ORDERS** Plaintiff's Motion for Recusal, (Dkt. 4), be **DENIED**.

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of August 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person